1

2

3

4

5

6

7

8                           IN THE UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10   LEE K. CLARKE,

11              Petitioner,                    No. 2:  12-cv-1565 DAD P

12         vs.

13   SHASTA COUNTY JAIL,

14              Respondent.              ORDER

15   _____/

16              Petitioner, a state prisoner proceeding *pro se*, has filed a petition for writ of

17   habeas corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma

18   pauperis.

19              Examination of the affidavit reveals petitioner is unable to afford the costs of this

20   action.  Accordingly, leave to proceed in forma pauperis will be granted.  28 U.S.C. § 1915(a).

21              An application for a writ of habeas corpus by a person in custody under a

22   judgment of a state court can be granted only for violations of the Constitution or laws of the

23   United States.  See 28 U.S.C. § 2254(a).  Moreover, federal habeas corpus relief is not available

24   for any claim decided on the merits in state court proceedings unless the state court's

25   adjudication of the claim:

26   /////

1

1    (1) resulted in a decision that was contrary to, or involved an
     unreasonable application of, clearly established federal law, as
2    determined by the Supreme Court of the United States; or

3    (2) resulted in a decision that was based on an unreasonable
     determination of the facts in light of the evidence presented in the
4    State court proceeding.

5   28 U.S.C. § 2254(d).  It is the habeas petitioner's burden to show he is not precluded from

6   obtaining relief by § 2254(d).  See Woodford v. Visciotti, 537 U.S. 19, 25 (2002).

7        The "contrary to" and "unreasonable application" clauses of § 2254(d)(1) are

8   different.  As the Supreme Court has explained:

9        A federal habeas court may issue the writ under the "contrary to"
         clause if the state court applies a rule different from the governing
10       law set forth in our cases, or if it decides a case differently than we
         have done on a set of materially indistinguishable facts.  The court
11       may grant relief under the "unreasonable application" clause if the
         state court correctly identifies the governing legal principle from
12       our decisions but unreasonably applies it to the facts of the
         particular case.  The focus of the latter inquiry is on whether the
13       state court's application of clearly established federal law is
         objectively unreasonable, and we stressed in Williams [v. Taylor,
14       529 U.S. 362 (2000)] that an unreasonable application is different
         from an incorrect one.

15

16  Bell v. Cone, 535 U.S. 685, 694 (2002) (internal citations omitted).

17       A petition must allege facts concerning the applicant's commitment or detention.

18  See 28 U.S.C. § 2242.  While the court liberally construes applications from *pro se* petitioners,

19  see Laws v. Lamarque, 351 F.3d 919, 924 (9th Cir. 2003), the court will not order a response if it

20  appears from the application that petitioner is not entitled to relief.  See 28 U.S.C. § 2243.

21  Petitioner's allegations in his habeas petition are unintelligible and incomprehensible.  The court

22  cannot determine whether petitioner may be entitled to relief nor can the court adequately address

23  petitioner's claims.  However, petitioner will be granted leave to file an amended habeas petition.

24  Petitioner shall legibly and distinctly set forth the federal grounds for relief along with facts

25  supporting his claims in any amended habeas petition he elects to file.

26  /////

2

1          Petitioner is also advised that "[a] petitioner for habeas corpus relief must name

2    the state officer having custody of him or her as the respondent to the petition." Stanley v.

3    California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).  It does not appear from petitioner's

4    habeas petition that he has named the proper respondent.  In any amended petition that petitioner

5    may elect to file, he is advised that the proper respondent in the usual habeas action is the warden

6    of the institution where the petitioner is currently incarcerated.  See Stanley, 21 F.3d at 360.

7          Petitioner is cautioned that the exhaustion of state court remedies is a prerequisite

8    to a federal court's consideration of claims presented in habeas corpus proceedings.  See 28

9    U.S.C. § 2254(b)(1); Rose v. Lundy, 455 U.S. 509, 522 (1982).  A petitioner satisfies the

10   exhaustion requirement by providing the highest state court with a full and fair opportunity to

11   consider all claims before presenting them to the federal court.  See Picard v. Connor, 404 U.S.

12   270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985).

13         Petitioner is also cautioned that the applicable habeas corpus statute imposes a

14   one-year statute of limitations for filing such petitions in federal court.  Typically, the one-year

15   period starts to run on the date on which the state court judgment became final by the conclusion

16   of direct review or the expiration of time for seeking direct review.  The statute of limitations is

17   tolled while a properly filed application for post-conviction relief or other collateral review is

18   pending.  See 28 U.S.C. § 2244(d).

19         Finally, petitioner filed four sets of exhibits to his habeas petition on June 26,

20   2012, July 13, 2012, July 30, 2012 and August 14, 2012.  In any amended habeas petition that

21   petitioner may elect to file, he is instructed to attach any exhibits he seeks to have the court

22   consider to his amended habeas petition rather than in such a piecemeal fashion.

23         Accordingly, IT IS HEREBY ORDERED that:

24         1. Petitioner's motion to proceed in forma pauperis (Dkt. No. 7) is GRANTED;

25         2. Petitioner's application for writ of habeas corpus is DISMISSED WITH

26   LEAVE TO AMEND thirty (30) days from the date of this order.  Failure to file an amended

3

1   petition within thirty days of the date of this order will result in a recommendation that this action

2   be dismissed without prejudice;

3           3. Any amended petition must bear the case number assigned to this action and

4   the title "Amended Petition"; and

5           4. The Clerk of the Court is directed to send petitioner the court's form for

6   application for writ of habeas corpus.

7   DATED: October 24, 2012.

8

9

_____

DALE A. DROZD

10   UNITED STATES MAGISTRATE JUDGE

11

12

13

14   DAD:dpw
clar1565.114

15

16

17

18

19

20

21

22

23

24

25

26